**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1635

_____

KARIN WOLF; DANIEL CRANE; GRETCHEN CRANE,
                                                            Appellants

v.

STATE OF NEW JERSEY; COUNTY OF BERGEN; ADMINISTRATIVE
OFFICE OF THE COURTS; HON. GLENN A. GRANT, J.A.D.; DAVID TANG;
LAURA SIMOLDONI; ARTHUR ANDREANO; DEPARTMENT OF
CHILDREN & FAMILIES (DCF); DIVISION OF CHILD PROTECTION AND
PERMANENCY (DCPP); KARI FERRARE; LYDIA TATEKAWA; ALLWYN J.
LEVINE; VALERIE SOLIMANO, ESQ; JAY ATKINS, ESQ.; LUCIANA
COUTINHO-CRANE; PETER J. MELCHIONNE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:19-cv-16979)
District Judge: Honorable Evelyn Padin

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 12, 2024

Before: BIBAS, CHUNG, and ROTH, *Circuit Judges*

(Filed: December 18, 2024)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

BIBAS, *Circuit Judge*.

Not every grievance is a legal wrong. After Karin Wolf lost custody of her children, she filed suit after suit against the family-court judge, court administrators, her court-appointed guardian ad litem, the children's stepmother, and other parties to the proceedings. Here, she alleges malicious abuse of process plus violations of the U.S. Constitution, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and the New Jersey Civil Rights Act. Yet, as the District Court found, all her claims fail.

Though the District Court dismissed some claims without prejudice, we have appellate jurisdiction. Typically, dismissals without prejudice are not final orders because they give the plaintiff a chance to amend and so do not support appellate jurisdiction. *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). But rather than amend within the thirty days allowed, Wolf filed this appeal. By doing that, she chose to stand on her complaint, so we have jurisdiction. *See Batoff v. State Farm Ins.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992). We review the dismissal de novo, taking the complaint's factual allegations as true and drawing all reasonable inferences in her favor. *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011).

Wolf has no claim under Title III of the ADA. State courts are not places of public accommodation. 42 U.S.C. §§ 12181(7), 12182(a). And she does not allege that the stepmother operates such a place.

Nor can Wolf seek damages under 42 U.S.C. § 1983 from the family-court judge or court-appointed guardian ad litem. Both enjoy absolute judicial immunity from suit, even for acts that were allegedly mistaken or malicious. *Stump v. Sparkman*, 435 U.S. 349, 356

(1978); *Hughes v. Long*, 242 F.3d 121, 127 (3d Cir. 2001). And no exceptions to that immunity apply here. For the same reason, Wolf also has no damages claim against them under the New Jersey Civil Rights Act. That Act is "a state law analogue to Section 1983," so New Jersey courts apply federal immunity doctrines. *Lozano v. New Jersey*, 9 F.4th 239, 244 (3d Cir. 2021) (quoting *Perez v. Zagami, LLC*, 94 A.3d 869, 875 (N.J. 2014)).

Wolf has no damages claim against the stepmother under the New Jersey Act, Title II of the ADA, or Section 504 of the Rehabilitation Act. Because the stepmother is only a private citizen and does not receive federal funds for the state program at issue, she cannot be liable under those statutes. *See Perez*, 94 A.3d at 877; 42 U.S.C. §§ 12131(1), 12132; 29 U.S.C. § 794 (regulating federal grants and programs). Wolf claims that private citizens can be liable under the ADA for retaliation. But we need not address whether that is the case because her retaliation allegations are conclusory and incredible. They do not state a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For the same reason, Wolf does not state a claim for damages relief against the judge, the guardian ad litem, and the stepmother under the New Jersey Act. She alleges that they conspired to violate her constitutional rights. But these allegations are also conclusory and incredible, failing to state a claim for relief.

Nor does Wolf state a claim against the stepmother for abuse of process. With no factual basis, she alleges that the stepmother lied, made up evidence, and used "motion[s] practice" to abuse process for some unexplained reason. App. 110. These conclusory allegations do not show that the stepmother committed a "further act" to misuse child-custody

proceedings for an illegitimate purpose. *Baglini v. Lauletta*, 768 A.2d 825, 831–32 (N.J. Super. Ct. App. Div. 2001).

Finally, Wolf's claims under Title II of the ADA or Section 504 of the Rehabilitation Act against the judge, court administrators, and guardian ad litem fail as well. To start, she has not preserved her damages claim because her appellate brief mentions damages only in passing. That passing reference is not enough. *United States v. Shaw*, 891 F.3d 441, 455 n.17 (3d Cir. 2018). So all that she still seeks under these laws, plus 42 U.S.C. § 1985, is an injunction and declaratory judgment. But her children are now adults, and the family-court cases are over. Wolf insists that the New Jersey court system continues to exercise jurisdiction over her and her children through an ongoing inheritance dispute. But she makes only conclusory allegations that these actors continue to violate her rights or that there is an imminent and real threat of future violations. So she does not have standing to seek injunctive or declaratory relief. *See O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *Twombly*, 550 U.S. at 570.

We will affirm the District Court's order of dismissal.